UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL WHITE,
    Plaintiff,

v.      No. 3:17-cv-717 (SRU)

EBERLE, et al.,
    Defendants.

## INITIAL REVIEW ORDER

Michael White, currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983. White alleges that the defendants violated his Fourteenth Amendment right to due process. White names as defendants Lieutenant Eberle, Correctional Officer Cossette, Captain Watson and District Administrator Peter Murphy. All defendants are named in their individual capacities only. The complaint was filed on May 1, 2017. White's motion to proceed *in forma pauperis* was granted on May 3, 2017.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  Allegations

On October 4, 2013, while confined at Cheshire Correctional Institution, White received a disciplinary report for security risk group affiliation. On October 23, 2013, he attended a disciplinary hearing at which he was found guilty of the charge. Lieutenant Eberle was the hearing officer and Correctional Officer Cossette was the disciplinary investigator for the hearing. Following the hearing, Lieutenant Eberle failed to follow established procedures. She did not complete the disciplinary process summary report and send copies to the disciplinary investigator and district administrator within twenty-four hours and did not send a copy to White within two business days.

On January 27, 2014, White submitted a Freedom of Information ("F.O.I.") request to obtain the report. After receiving the report in March 2014, White filed a state habeas action. In November 2016, the state judge found that White had never received the form and afforded him a chance to appeal the disciplinary finding. He did so on February 2, 2017. District Administrator Murphy denied the appeal on February 23, 2017.

II.     Analysis

White contends that Eberle, Cossette and Watson denied him due process when they failed to provide him with the disciplinary process summary report. He also challenges Murphy's decision upholding the disciplinary finding. He seeks a declaration that the defendants violated his due process rights, an injunction expunging the disciplinary finding and restoring ten days of risk reduction earned credit, and damages.

   A.     Declaratory Relief

White asks the court to declare that the defendants violated his right to due process. Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Colabella v. American Institute of Certified Public Accountants*, 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citations omitted). Declaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages. *See In re Combustion Equip. Assocs., Inc.*, 838 F.2d 35, 37 (2d Cir. 1988). The complaint concerns only past actions. The plaintiff has not identified any legal relationships or issues that require resolution via declaratory relief. *See Camofi Master LDC v. College P'ship, Inc.*, 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006) (concluding that claim for declaratory relief that is duplicative of adjudicative claim underlying action serves no purpose). If White were to prevail on his substantive claims, the court necessarily would determine that the defendants had violated his right to due process. Thus, a separate award of declaratory relief is dismissed as unnecessary.

   B.     Injunctive Relief

White seeks injunctive relief in the form of orders expunging the disciplinary finding and

restoring forfeited risk reduction earned credit. "'Injunctive relief against a state official may be recovered only in an official capacity suit' . . . because '[a] victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him.'" *Marsh v. Kirschner*, 31 F. Supp. 2d 79, 80 (D. Conn. 1998) (quoting *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1999), and *Kentucky v. Graham*, 473 U.S. 159, 167–68 (1985)) (alterations in original). Because White specifically states that he names the defendants only in their individual capacities, his request for injunctive relief is dismissed.

C. Risk Reduction Earned Credit

I decline to construe the complaint as seeking restoration of risk reduction earned credit in a claim asserted against the defendants in their official capacities. Any challenge to a conviction or the duration of a sentence must be made by a petition for writ of habeas corpus, rather than by means of an action under the civil rights laws such as section 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

D. Due Process

White alleges that the defendants denied him due process when they adjudicated him guilty of affiliating with a security risk group and then failed to adhere to the proper procedures that would have allowed White to appeal that finding. Specifically, White alleges that the defendants failed to provide him a copy of the disciplinary process summary report, which inhibited his ability to challenge the hearing officer's determination.

4

The Supreme Court has held that, if a determination favorable to the plaintiff in a section 1983 action "would necessarily imply the invalidity of his conviction or sentence," the plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover damages under section 1983. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). This prohibition has been extended to prison disciplinary proceedings that affect the duration of confinement. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

The Second Circuit provided clarification of this rule in *Peralta v. Vasquez*, 467 F.3d 98 (2d Cir. 2006). The Second Circuit held that, where an inmate received mixed sanctions, some affecting the duration of his sentence and others affecting only the conditions of his confinement, the inmate "can proceed separately, under § 1983, with a challenge to the sanctions affecting the conditions of his confinement without satisfying the favorable termination rule, but *[] he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement*." *Id.* at 104.

To state a claim for denial of due process, White must show that he had a protected liberty interest and that the defendants deprived him of the interest without affording him due process of law. *See Sandin v. Conner*, 515 U.S. 472 (1995). The plaintiff has a protected liberty interest only if the state created such an interest in a statute or regulation and the deprivation of

5

that interest caused him to suffer an atypical and significant hardship. *See Tellier v. Fields*, 280 F.3d 69, 81 (2d Cir. 2000).

White provides no information about the sanctions he received as a result of the disciplinary finding of guilty. Absent such information, he does not state a plausible claim for denial of his right to due process and I need not ascertain whether White accepts the waiver set forth in *Peralta*. Accordingly, the complaint is dismissed without prejudice. White may move to reopen this action and file an amended complaint if he can demonstrate that the sanctions he received constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. If he decides to pursue a damages claim regarding the sanctions he received that affected only the conditions of his confinement, he will waive the right to pursue a damages claim for the denial of risk reduction earned credit.

III. Conclusion

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). If White chooses to move to reopen to pursue a due process claim under *Sandin* before he has invalidated the forfeiture of risk reduction earned credit, he does so with the understanding that he will not be able to pursue any claim for damages relating to the forfeiture.

White shall utilize the Prisoner Efiling Program when filing any document with the Court.

**SO ORDERED** this 13th day of June 2017 at Bridgeport, Connecticut.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge